### SKINNER v. WHITE.

*(Supreme Court, General Term, Second Department.  February 8, 1892.)*

PLEADING—AMENDMENT PENDING TRIAL BEFORE REFEREE.
> Under Code Civil Proc. § 723, providing that the court may amend a pleading in certain respects at the trial or at any other stage of the action, an answer to an amended complaint may be so amended pending a trial of the case before a referee.

Appeal from special term, Westchester county.

Action by Halcyon Skinner against Sophia H. White upon a bond.  Plaintiff appeals from an order allowing defendant to amend an answer to the amended complaint after the case had been partially tried before a referee.  Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Ralph E. Prime*, for appellant.  *James M. Hunt*, for defendant.

PRATT, J.  We think in this case the court at special term not only had the power to grant the order appealed from, but that it was a wise exercise of the power to grant the amendment, and that the terms were just and proper.  It is not improbable that if the plaintiff had requested that he be allowed to discontinue, as a part of the terms for allowing the amendment, he might have been permitted to do so, but it does not appear that any such request was made, and it is now too late to made that objection; besides, we think the terms were severe enough to meet the demands of justice in the premises.  It was not too late for the defendant to make the motion to amend her answer, as Code, § 723, provides that the court may upon the trial, or at any stage of the action,  "*  *  *  amend any process or pleading."  To deny the power of the court to make such an amendment challenges its power to do justice.

Order affirmed, with costs.  All concur.

---

### HOLLAND v. BROWN.

*(Supreme Court, General Term, Second Department.  February 8, 1892.)*

APPEAL—WEIGHT OF EVIDENCE.
> In an action for reformation of a deed, where all the findings of the trial judge are justified by the testimony, they will not be disturbed on appeal.

Appeal from special term, Queens county.

Action by Fanny R. Holland against Arthur Brown to reform a deed of real property.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

Argued before DYKMAN and PRATT, JJ.

*Goodrich, Deady & Goodrich*, (*John F. Foley*, of counsel,) for appellant.  *Henry A. Monfort*, for respondent.

DYKMAN, J.  This is an equitable action for the reformation of a deed of conveyance of real property.  The cause was tried before a judge at special term, and he has found all the facts constituting the fraud in favor of the plaintiff, and the testimony fully sustains his finding.  All the questions of law were properly disposed of, and we find no error.  The judgment should be affirmed, with costs.